## A03A1691. WHIGHAM v. CITY OF ATLANTA.
(586 SE2d 412)

ELDRIDGE, Judge.

This is an appeal in an in rem forfeiture action wherein the City of Atlanta ("City") condemned 3.4 acres belonging to Nellie B. Whigham in order to facilitate the building of a fifth runway at Hartsfield International Airport. Whigham's sole claim of error is that the trial court erred in denying her motion to dismiss the City's action based on insufficient service of process, which claim is premised on the fact Whigham was never served with a "summons" as required by the Civil Practice Act, OCGA § 9-11-4 (a). We find no error in the trial court's ruling and affirm.

1. The condemnation of property in order to build a road or, as here, an airport runway is a special statutory proceeding governed by OCGA § 32-3-1 et seq., "Acquisition of Property for Transportation Purposes" ("Statute"). Generally, the Civil Practice Act ("Act") will apply to in rem forfeiture actions under the Statute only to the extent the Act does not conflict with the specific practice and procedures expressly prescribed by the Statute.[1]

As applied to Whigham's claim of error, the Statute provides the specific procedure for "service of process" in a condemnation for transportation action:

> Upon the filing of the petition and declaration, where the owner or owners of the property sought to be condemned or any person having a claim against or interest in the same are residents of this state, the petition and declaration shall be served upon such persons personally.[2]

It is undisputed that, on June 3, 2002, Whigham was personally

---

[1] OCGA § 9-11-81 ("[B]ut, in any event, the provisions of this chapter governing the sufficiency of pleadings, defenses, amendments, counterclaims, cross-claims, third-party practice, joinder of parties and causes, making parties, discovery and depositions, interpleader, intervention, evidence, motions, summary judgment, relief from judgments, and the effect of judgments shall apply to all such proceedings.").

[2] OCGA § 32-3-8 (a).

served with the petition, declaration, court order, and citation from the Clerk of the Clayton County Superior Court. The clerk's citation informed Whigham of her right of appeal "not later than thirty (30) days following the date of service as provided for in OCGA § 32-3-9 through 32-3-20." This personal service satisfied the specific procedure authorized under the Statute and was sufficient.

Further, the Civil Practice Act's OCGA § 9-11-4 (a) governs the service of process at the *initiation* of a civil action.[3] As such, it is not applicable to a proceeding such as the instant one under OCGA § 32-3-1 et seq. where the issue is the appeal of a condemnation order already obtained and "just compensation" already determined and placed into the registry of the court.

> If, in a condemnation action initiated pursuant to the declaration of taking procedure set forth at OCGA § 32-3-1 et seq., the condemnee fails to file a timely appeal on the issue of value, the trial court is required to enter judgment in favor of the condemnee and against the condemnor for the sum of money deposited by the condemnor with the declaration of taking. OCGA § 32-3-13 (b).[4]

As OCGA § 9-11-4 (a) would not be applicable in the instant case, and Whigham was informed of her appellate rights with regard to condemnation actions already taken, the trial court did not err in denying Whigham's motion to dismiss on the basis urged.

2. Whigham's second enumeration of error is premised on the same issue argued in Division 1, supra, and has thus been resolved adversely to her.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED AUGUST 13, 2003.

*Albert, Bailey & Wallace, Albert B. Wallace, Stephen B. Wallace II*, for appellant.

*Holland & Knight, Jason P. Wright, James M. Hunter*, for appellee.

---

[3] See, e.g., *Vurgess v. State of Ga.*, 187 Ga. App. 700, 701 (2) (371 SE2d 191) (1988) (in condemnation proceeding, "OCGA § 9-11-4 governs process at the initiation of a civil action and is not applicable").

[4] (Punctuation omitted.) *Lil Champ Food Stores v. Dept. of Transp.*, 230 Ga. App. 715, 718 (4) (498 SE2d 94) (1998).