## A09A0679. FORT v. RUCKER-FORT.
### (676 SE2d 398)

BLACKBURN, Presiding Judge.

In this domestic relations matter, Carl Fort appeals an order in which the trial court invoked its equity powers to direct him to pay his ex-wife's (Rebecca Rucker-Fort, hereinafter "Rucker") attorney fees despite the fact that the court did not rule in his ex-wife's favor on the underlying claim. For the reasons set forth below, we reverse.

4

Equitable relief is generally a matter within the sound discretion of the trial court, and such action should be sustained where such discretion has not been abused. *Dawson v. Dawson*.[1] However, "[t]he standard of review for a question of law on appeal is de novo. When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." (Punctuation omitted.) *Clark v. Clark*.[2]

The record here shows that on March 28, 2003, Fort and Rucker were divorced pursuant to a final judgment and decree. The divorce decree incorporated a settlement agreement, which obligated Fort to pay alimony and to purchase a house for Rucker. The settlement agreement also obligated Fort to pay $1,000 of Rucker's attorney fees. Two years later, Fort filed a Chapter 7 bankruptcy petition. On June 22, 2005, a final decree regarding Fort's bankruptcy petition was entered. Under that decree, creditors were enjoined from pursuing contempt actions against Fort to collect a debt.

Over the next year, various disputes arose between Fort and Rucker, culminating in Rucker filing a contempt action against Fort for failure to pay alimony and fulfill other obligations under the divorce decree and settlement agreement. On January 26, 2006, the court issued an order holding Fort in contempt. However, due to the sheriff's inaction, Fort was not arrested. Consequently, on May 16, 2006, Rucker filed another contempt action, requesting that the sheriff be directed to comply with the court's earlier order and arrest Fort. Meanwhile, on July 14, 2006, Fort successfully moved the bankruptcy court to re-open his Chapter 7 case so that he could pursue a contempt action against Rucker for violating the bankruptcy court's injunction.

Prior to any final adjudication of their respective contempt actions, Fort and Rucker reached an accord and satisfaction, settling all issues between them arising out of the divorce decree. The accord and satisfaction was memorialized in an order issued by the court on October 16, 2006, and provided that Fort would pay $60,000 to Rucker in two installments in return for Rucker becoming obligated for all payments related to the former marital home. The order also provided: "The payment of the funds herein shall forever satisfy all obligations of [Fort] to [Rucker] pursuant to any order or decree or agreement antecedent to this order." On April 19, 2007, Fort quitclaimed his remaining half interest in the marital home to Rucker.

---

[1] *Dawson v. Dawson*, 277 Ga. 850, 851 (597 SE2d 114) (2004).
[2] *Clark v. Clark*, 293 Ga. App. 309 (667 SE2d 103) (2008).

In May 2007, Rucker learned that the Internal Revenue Service had filed a $120,000 tax lien on the marital home on September 29, 2004, based on federal taxes owed by Fort. Thereafter, she moved to set aside the October 16, 2006 order memorializing the accord and satisfaction and further requested that the court either re-institute the divorce decree and settlement or direct Fort to pay the tax liabilities, as well as attorney fees. Before the court could rule on Rucker's motion, her attorneys were able to successfully negotiate with the Internal Revenue Service to resolve the tax lien issue. As a result, Rucker amended her motion to set aside to request only that Fort be ordered to pay $10,863.38 in attorney fees that Rucker had incurred in her effort to resolve the tax lien issue.

On June 10, 2008, the court issued a one-page order directing Fort to reimburse Rucker for the $10,863.38 attorney fees that she had incurred. Shortly thereafter, Fort filed a motion for new trial and a motion for an entry of findings of fact and conclusions of law. On August 26, 2008, after holding a hearing, the court issued an order in which it held that the accord and satisfaction (memorialized by the October 16, 2006 order) appeared to be valid. The court thus found that the divorce decree and settlement agreement, which the accord and satisfaction had superseded, was not enforceable under law. Nevertheless, the court held that it would enforce the attorney fee provision in the decree by invoking its equity power. Accordingly, the court ordered Fort to reimburse Rucker for her attorney fees. This discretionary appeal followed.

Fort contends that the trial court erred in invoking its equity powers to enforce the attorney fee provision in the divorce decree and to award attorney fees to Rucker despite the fact that the decree had been superseded by the parties' accord and satisfaction. We agree.

"Generally an award of attorney fees is not available unless supported by statute or contract." *Cason v. Cason*.[3] See *Cothran v. Mehosky*.[4] "[I]n the absence of statutory authority, a court of equity cannot under ordinary circumstances, in an adversary proceeding, allow attorney fees to the prevailing party." (Punctuation omitted.) *Walker v. Walker*.[5] The generally recognized exception to this rule is that a court of equity may allow attorney fees to a party, who at his own expense, maintained a successful suit for the protection or increase of common property or a common fund. Id. at 415 (2).

[3] *Cason v. Cason*, 281 Ga. 296, 299 (3) (637 SE2d 716) (2006).
[4] *Cothran v. Mehosky*, 286 Ga. App. 640, 641 (649 SE2d 838) (2007).
[5] *Walker v. Walker*, 266 Ga. 414-415 (2) (467 SE2d 583) (1996).

In this matter, the court has cited no statutory basis for its award of attorney fees to Rucker, and Rucker has not argued that such a basis exists. Additionally, although Rucker's motion to set aside the October 16, 2006 order that memorialized the parties' accord and satisfaction argued that she should be awarded attorney fees under the divorce decree and settlement agreement, the court held that, in light of the parties' accord and satisfaction, that agreement was not enforceable at law. However, despite the lack of a statutory or contractual basis, the court held that it would invoke its equity powers to award attorney fees to Rucker. Moreover, the common fund exception to the general rule prohibiting awarding attorney fees in equity is not applicable here. Accordingly, the trial court erred in awarding attorney fees based on equitable considerations. See *Glaza v. Morgan*.[6]

*Judgment reversed. Adams and Doyle, JJ., concur.*

DECIDED MARCH 25, 2009.

*Brace W. Luquire*, for appellant.
*Hagler & Hyles, M. Stephen Hyles*, for appellee.

[6] *Glaza v. Morgan*, 248 Ga. App. 623, 625 (548 SE2d 389) (2001).
[1] *Clark v. Clark*, 293 Ga. App. 309 (667 SE2d 103) (2008).