## S10A1051. PHAGAN v. THE STATE.
(700 SE2d 589)

HINES, Justice.

This Court granted Delma Cecil Phagan's application for a certificate of probable cause to appeal an order of the Superior Court of Hall County denying Phagan's petition for writ of habeas corpus on the basis that the petition was untimely filed. The issue is whether the statutory provisions that allow for the renewal of civil

---

actions after dismissal, namely OCGA § 9-2-60 (b), (c)[1] and OCGA § 9-11-41 (e),[2] apply to habeas corpus actions. Concluding that they apply to the petition for a writ of habeas corpus in this case, we reverse and remand.

Phagan originally filed a petition for a writ of habeas corpus in October 1999, challenging his 1996 conviction for statutory rape. See *Phagan v. State*, 268 Ga. 272 (486 SE2d 876) (1997). An order granting Phagan's motion to voluntarily dismiss the petition without prejudice was granted on May 27, 2003. See OCGA § 9-11-41 (a).[3] Phagan, pro se, filed a new petition for a writ of habeas corpus on June 17, 2003. No order was entered in that case for a period of five years, and the petition was dismissed by operation of law on June 17, 2008. Phagan paid the costs and on December 15, 2008, filed, pro se, the present petition for a writ of habeas corpus as a recommence-

---

[1] OCGA § 9-2-60 (b) and (c) provide:
> (b) Any action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff.
> (c) When an action is dismissed under this Code section, if the plaintiff recommences the action within six months following the dismissal then the renewed action shall stand upon the same footing, as to limitation, with the original action.

[2] OCGA § 9-11-41 (e) provides:
> Any action in which no written order is taken for a period of five years shall automatically stand dismissed, with costs to be taxed against the party plaintiff. For the purposes of this Code section, an order of continuance will be deemed an order. When an action is dismissed under this subsection, if the plaintiff recommences the action within six months following the dismissal then the renewed action shall stand upon the same footing, as to limitation, with the original action.

[3] OCGA § 9-11-41 provides in relevant part:
> (a) *Voluntary dismissal; effect:*
> (1) *By plaintiff; by stipulation.* Subject to the provisions of subsection (e) of Code Section 9-11-23, Code Section 9-11-66, and any statute, an action may be dismissed by the plaintiff, without order or permission of court:
>> (A) By filing a written notice of dismissal at any time before the first witness is sworn; or
>> (B) By filing a stipulation of dismissal signed by all parties who have appeared in the action.
> (2) *By order of the court.* Except as provided in paragraph (1) of this subsection, an action shall not be dismissed upon the plaintiff's motion except upon order of the court and upon the terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him or her of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.
> (3) *Effect.* A dismissal under this subsection is without prejudice, except that the filing of a second notice of dismissal operates as an adjudication upon the merits.

ment of his 2003 action. On June 8, 2009, the habeas court denied Phagan's petition, expressly "adopting" the State's arguments in its motion to dismiss and specifying that the basis for the dismissal was that the petition was not timely filed under OCGA § 9-14-42 (c).[4] During the hearing in the matter, the habeas court declared that there was conflict between the specific limitation for habeas corpus found in OCGA § 9-14-42 (c), and the general renewal statutes in the Civil Practice Act ("CPA"); therefore, OCGA § 9-14-42 (c) would control.

Both the reasoning and conclusion by the habeas court are flawed. The analysis for determining whether the petition for a writ of habeas corpus is temporally saved by the referenced renewal provisions of the CPA properly begins with the recognition that habeas corpus is a civil proceeding. *Schofield v. Meders*, 280 Ga. 865, 870 (5) (632 SE2d 369) (2006). As such, this Court has readily affirmed that the CPA is to be applied in habeas corpus proceedings in matters of pleading and practice. *Roberts v. Cooper*, 286 Ga. 657, 661 (691 SE2d 875) (2010); *Nguyen v. State*, 282 Ga. 483, 486 (2) (651 SE2d 681) (2007); *State v. Jaramillo*, 279 Ga. 691, 693 (2) (620 SE2d 798) (2005). A complaint or petition is by statutory definition a

---

[4] OCGA § 9-14-42 states in relevant part:

    (a) Any person imprisoned by virtue of a sentence imposed by a state court of record who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of this state may institute a proceeding under this article.

. . .

    (c) Any action brought pursuant to this article shall be filed within one year in the case of a misdemeanor, except as otherwise provided in Code Section 40-13-33, or within four years in the case of a felony, other than one challenging a conviction for which a death sentence has been imposed or challenging a sentence of death, from:

        (1) The judgment of conviction becoming final by the conclusion of direct review or the expiration of the time for seeking such review; provided, however, that any person whose conviction has become final as of July 1, 2004, regardless of the date of conviction, shall have until July 1, 2005, in the case of a misdemeanor or until July 1, 2008, in the case of a felony to bring an action pursuant to this Code section;

        (2) The date on which an impediment to filing a petition which was created by state action in violation of the Constitution or laws of the United States or of this state is removed, if the petitioner was prevented from filing such state action;

        (3) The date on which the right asserted was initially recognized by the Supreme Court of the United States or the Supreme Court of Georgia, if that right was newly recognized by said courts and made retroactively applicable to cases on collateral review; or

        (4) The date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence.

. . .

"pleading" within the confines of the CPA. OCGA § 9-11-7 (a).[5] Indeed, this Court has observed that notice pleading, which is the hallmark of and prescribed by the CPA, is especially appropriate in the situation of a pro se petition, and such a pro se proceeding is common in the case of a post-conviction petition for habeas corpus relief. *Rolland v. Martin*, 281 Ga. 190, 191 (637 SE2d 23) (2006).

The provisions of the CPA are to apply to all special statutory proceedings except to the extent that there are specific rules of practice and procedure in conflict and expressly prescribed by law. OCGA § 9-11-81. Thus, the question becomes whether OCGA § 9-14-42 (c) is in conflict with the general statutory provisions contained in OCGA §§ 9-2-60 (b), (c) and 9-11-41 (e) that allow for the renewal of a civil action following dismissal. The State urges that the legislative intent of OCGA § 9-14-42 (c) was to prevent prisoners from challenging a conviction from the distant past because evidence is lost and the chances for a fair retrial are diminished. But, the ravages of time take their toll in any prolonged litigation, and to follow such reasoning to its logical conclusion would prevent application of the renewal statutes at all in the situation in which a lawsuit has been dismissed by operation of law because it has become dormant, and thus, eviscerate these statutes. OCGA § 9-14-42 (c) itself does not contain any express language regarding renewal or restrictions regarding application of renewal provisions of the CPA.

As the State acknowledges, in 2004 the General Assembly added subsection (c) to OCGA § 9-14-42 to establish a period of limitation in which a petitioner must file his petition for habeas relief; but, it makes no provision for a statute of repose. See *Roberts v. Cooper*, 286 Ga. 657, 659 (691 SE2d 875) (2010). There is a distinct difference between a statute of limitation and a statute of repose; a statute of limitation provides the time within which a legal proceeding must be commenced after the cause of action accrues while a statute of repose limits the time within which an action may be brought but is not related to the accrual of the cause of action. *Wright v. Robinson*, 262 Ga. 844, 845 (1) (426 SE2d 870) (1993). The result is that

> [a] statute of repose stands as an unyielding barrier to a plaintiff's right of action. The statute of repose is absolute;

---

[5] OCGA § 9-11-7 states in pertinent part:

(a) *Pleadings.* There shall be a complaint and an answer; a third-party complaint, if a person who is not an original party is summoned under Code Section 9-11-14; and a third-party answer, if a third-party complaint is served. There may be a reply to a counterclaim denominated as such and an answer to a cross-claim, if the answer contains a cross-claim. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

. . .

the bar of the statute of limitation is contingent. The statute of repose destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists.

Id. (Citations omitted.) In fact, this critical distinction between a statute of repose and a statute of limitation was the linchpin of this Court's decision in *Wright v. Robinson*. In that case, the issue was whether the right to dismiss voluntarily and refile within six months, as provided for in OCGA §§ 9-11-41 (a) and 9-2-61 (a),[6] applied to actions extinguished by the statute of repose or only to those barred by a statute of limitation. This Court concluded that the General Assembly did not intend for the dismissal and renewal statutes at issue to overcome the statute of repose because "a new suit on a nonexisting cause of action cannot proceed." *Wright v. Robinson*, supra at 846 (1). This Court will not substitute its judgment for that of the General Assembly, and inasmuch as OCGA § 9-14-42 (c) is not a statute of repose, it does not constitute an absolute bar to the refiling of a habeas corpus petition, and therefore, is not in conflict with, much less preclusive of, application of the provisions of OCGA §§ 9-2-60 (b), (c) and 9-11-41 (e).

The habeas court erred in failing to apply the renewal provisions contained in OCGA §§ 9-2-60 and 9-11-41, and thus, also erred in finding that Phagan's petition was untimely under OCGA § 9-14-42 (c). Accordingly, the judgment of the habeas court is reversed and the case is remanded to that court for consideration consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED OCTOBER 4, 2010.

*William F. Rucker*, for appellant.
*Lee Darragh, District Attorney, Kathleen J. Devine, Assistant District Attorney*, for appellee.

---

[6] OCGA § 9-2-61 (a) states:
  When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.