## A11A1035. GEORGIA TRANSMISSION CORPORATION v. WORLEY et al.

(720 SE2d 305)

DILLARD, Judge.

In this condemnation action, Georgia Transmission Corporation ("GTC") filed three separate in rem petitions to obtain easement rights across three parcels of adjacent property owned by Nellie Worley, Wendell and Margaret Puckett, and Tommy and Shelli Craig ("condemnees"), respectively. Following an award by a special master on all three petitions, condemnees appealed to the superior court and moved to have the cases consolidated, which the court granted. GTC now appeals, arguing that the superior court's consolidation of the three cases without GTC's consent constituted legal error. For the reasons set forth infra, we agree and reverse.

The record shows that in September 2008, GTC, an electric membership cooperative, sought to obtain easement rights across three parcels of contiguous property in Barrow County in order to construct, maintain, and operate electric transmission lines. The parcels of property over which the easement would cross are owned by members of the same family and have been used primarily for agricultural purposes for over 100 years. Specifically, the property includes a 2.03 acre tract owned by the Craigs and located on the northwest side of a two-lane county road; a 21.5 acre tract owned by Ms. Worley and bisected by the same county road; and a 74.93 acre tract owned by the Pucketts and located on the south side of the road.

On September 29, 2008, GTC filed three separate in rem condemnation petitions, pursuant to authority conferred upon it by Title 22, to obtain an easement across the three subject parcels of property. The condemnees were all represented by the same counsel, and based on an agreement by all parties, the same special master heard evidence pertaining to all three petitions over the course of a two-day hearing. Following that hearing, the special master made separate findings as to each petition and entered separate awards as to each condemnee.

Dissatisfied with the special master's respective awards, the condemnees filed separate appeals to the superior court, each seeking a jury trial on the issue. And shortly thereafter, all three condemnees filed motions requesting that the superior court consolidate the three cases for one jury trial. GTC did not consent to consolidation and filed opposition briefs to that effect. Nevertheless, after a hearing on the issue, the superior court consolidated the cases, concluding that its equitable powers under Title 23, as well as the need to conserve judicial resources in light of severe budgetary constraints, provided authority for doing so. Subsequently, GTC

sought a certificate of immediate review, which the superior court granted. This interlocutory appeal follows.

GTC contends that the superior court erred in consolidating the three condemnation petitions, arguing that doing so without its consent violated OCGA § 9-11-42 (a). We agree, and thus reverse the superior court's order granting consolidation.

At the outset, we note that "the standard of review for a question of law on appeal is de novo."[1] And when a question of law is at issue, as here, "we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review."[2] With these guiding principles in mind, we will now address the substance of GTC's argument.

In construing the relevant statutes at issue here, "we apply the fundamental rules of statutory construction that require us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage."[3] While doing so, "we must seek to effectuate the intent of the legislature."[4] Additionally, "[a]ll statutes are presumed to be enacted with full knowledge of existing law[,] and their meaning and effect [are] to be determined with reference to the constitution as well as other statutes and decisions of the courts."[5]

Turning to the statutes at issue, OCGA § 9-11-42 (a) of the Civil Practice Act ("CPA") requires the consent of *all* parties before any consolidation of actions can be effectuated.[6] And pursuant to OCGA § 9-11-81, the CPA applies to "all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law . . . ."[7] Given that condemnations under Title 22 are a special statutory procedure contemplated by OCGA § 9-11-81,[8] the question becomes whether

---

[1] *Fort v. Rucker-Fort*, 297 Ga. App. 3, 4 (676 SE2d 398) (2009) (punctuation omitted).

[2] *Id.* at 4 (punctuation omitted).

[3] *Currid v. DeKalb State Court Prob. Dep't.*, 285 Ga. 184, 187 (674 SE2d 894) (2009) (punctuation omitted); *see also* 2A Norman J. Singer, Statutes and Statutory Construction § 46:06 (6th ed. 2000) ("It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute.").

[4] *Currid*, 285 Ga. at 187 (punctuation omitted).

[5] *Higdon v. City of Senoia*, 273 Ga. 83, 86 (3) (538 SE2d 39) (2000); *see also* Singer, *supra* note 10, § 46:05 (noting that "statutes must be construed to further the intent of the legislature as evidenced by the *entire statutory scheme*" (emphasis supplied)).

[6] OCGA § 9-11-42 (a) ("When actions involving a common question of law or fact are pending before the court, if the parties consent, the court may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated . . . .").

[7] OCGA § 9-11-81; *see Phagan v. State*, 287 Ga. 856, 859 (700 SE2d 589) (2010) ("The provisions of the CPA are to apply to all special statutory proceedings except to the extent that there are specific rules of practice and procedure in conflict and expressly prescribed by law.").

[8] *See Ga. Power Co. v. Stowers*, 282 Ga. App. 695, 697 (639 SE2d 605) (2006) (holding that a proceeding before a special master constitutes a special statutory proceeding); *Nodvin v. Ga.*

OCGA § 9-11-42 (a) is in conflict with any relevant provisions of Title 22. For the reasons noted infra, we find no such conflict.

In its order granting condemnees' motions for consolidation, the superior court acknowledged that no provision within Title 22 expressly confers upon trial courts the authority to consolidate cases without the consent of all parties. Nevertheless, the superior court found this Court's holding in *Department of Transportation v. Defoor*[9] that Title 32[10] conferred such authority in condemnation cases brought under that statutory scheme[11] to be "at least suggestive of the distinction made in the law between typical civil actions and eminent domain cases." And the superior court is correct that in *Defoor*, we held that OCGA § 32-3-17.1 conflicted with OCGA § 9-11-42 (a) in that the former, which provides that the judge "may . . . make such orders and give such directions as are necessary to speed the cause, and as may be consistent with justice and due process of law,"[12] authorizes courts to consolidate condemnation proceedings brought under that statute regardless of whether all parties consented.[13] However, we disagree that any broader implications can or should be gleaned from that decision in light of the fact that it involved a completely separate statutory framework. Indeed, there is no provision within Title 22 that contains language comparable to that contained in OCGA § 32-3-17.1, which grants the superior court broad authority for resolving "[a]ll questions of law arising upon the pleadings or in any other way arising from the cause . . . ."[14] Furthermore, "[t]he difference in interpretation between [Title 22 and Title 32] may seem fairly small, but such distinctions are best left to the wisdom of the legislature . . . ."[15]

---

*Power Co.*, 125 Ga. App. 821, 822 (2) (189 SE2d 118) (1972) (same).

[9] 173 Ga. App. 218 (325 SE2d 863) (1984).

[10] Eminent domain authority is conferred by two separate statutory titles. OCGA § 22-2-1 *et seq.* governs condemnation for general public purposes, including the construction of utilities. OCGA § 32-3-1 *et seq.* governs condemnation for transportation purposes.

[11] *Defoor*, 173 Ga. App. at 219-20.

[12] OCGA § 32-3-17.1.

[13] *See Defoor*, 173 Ga. App. at 219-20.

[14] OCGA § 32-3-17.1. In their appellees' brief, condemnees assert that the last sentence in OCGA § 22-2-135, which provides that "it shall be within the power of the court to hear the cause as speedily as may be consistent with justice and due process of law," authorizes consolidation here. However, condemnees failed to raise this argument below, and it is clear from the superior court's order that it did not consider OCGA § 22-2-135 in its ruling to consolidate these petitions. Therefore, this argument is waived. *See Dep't of Transp. v. Dalton Paving & Constr., Inc.*, 227 Ga. App. 207, 221 (7) n. 7 (489 SE2d 329) (1997). Regardless, read *in pari materia* with the beginning of the statute, *see City of LaGrange v. Ga. Public Svc. Comm.*, 296 Ga. App. 615, 620 (2) (675 SE2d 525) (2009), the power of the court noted in the last sentence of OCGA § 22-2-135 pertains specifically to the power to order the issues tried in the first instance by a jury rather than proceeding initially with the appointment of assessors.

[15] *Central of Ga. Elec. Membership Corp. v. Mills*, 196 Ga. App. 882, 884 (397 SE2d 137)

Nor do we find persuasive the superior court's conclusion that its equitable powers under OCGA § 23-4-1[16] authorized consolidation of these cases. GTC's condemnation petitions are in rem actions to obtain easements, and condemnees did not raise any equitable issues in the hearing before the special master or in their appeals to the superior court. Furthermore, the superior court's reliance on the equity statute to support its consolidation ruling ignores the mandate in OCGA § 9-11-81 that the CPA applies to special statutory proceedings unless it conflicts with specific procedures expressly prescribed by the statute authorizing the special statutory proceeding in question.[17] In other words, the plain meaning of OCGA § 9-11-81 requires that in determining whether the CPA conflicts with procedures governing a special statutory proceeding, the analysis must necessarily be confined to a review of the language of the CPA and the special statute at issue.

Moreover, even if the superior court's equitable powers were applicable here, consolidation would be inappropriate. It is well settled that

> [i]f there is a common right and the court of equity takes jurisdiction, there is no limit to which the court will go in order to do complete justice, but, where there is no common right, equity will not, for any purpose, entertain a suit wherein *separate and distinct parties with separate and distinct claims* unite against one or more parties.[18]

And here, it is undisputed that although the condemnees are all related, the three parcels of property at issue are separately owned and differ in acreage. Thus, any consolidation would create an action involving distinct parties with distinct claims uniting against one party.

In reaching the foregoing result, we do not fault the superior court's admirable desire to conserve judicial resources. Indeed, this Court has similarly felt the impact of the severe budgetary con-

---

(1990); *see also Brunswick Landing, LLC v. Glynn County*, 301 Ga. App. 288, 294 (4) (a) (687 SE2d 271) (2009).

[16] *See* OCGA § 23-4-1 ("Where there is one common claim to be asserted by or against several, and one is asserting the claim against many, or many against one, the court may utilize equitable powers to consolidate and determine the whole matter in one action.").

[17] *See Phagan*, 287 Ga. at 859 (holding that the question to be determined was whether the CPA specifically conflicted with the habeas corpus statute at issue); *Whigham v. City of Atlanta*, 262 Ga. App. 742, 742 (1) (586 SE2d 412) (2003) (holding that the CPA "will apply to in rem forfeiture actions under [Title 32] only to the extent the Act does not conflict with the specific practice and procedures expressly prescribed by [Title 32]").

[18] *Walker Elec. Co. v. Walton*, 201 Ga. 591, 593 (40 SE2d 523) (1946) (punctuation omitted).

straints that have affected every level of the judiciary throughout the State. Nevertheless, because no provision within Title 22 conflicts with OCGA § 9-11-42 (a), the latter statute applies here, and thus, the condemnation petitions could not be consolidated without GTC's consent. Accordingly, we are constrained to reverse the superior court's order consolidating these cases.

*Judgment reversed. Mikell, C. J., and Smith, P. J., concur.*

DECIDED NOVEMBER 23, 2011.

*Webb, Tanner, Powell, Mertz & Wilson, Robert J. Wilson, Jody C. Campbell*, for appellant.
*Vaughan & Evans, Donald C. Evans, Jr.*, for appellees.