# FIFTH DIVISION
## MCFADDEN, C. J.,
## RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS.

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**June 28, 2021**

# In the Court of Appeals of Georgia

A21A0387. ELLIOTT et al. v. SAVANNAH INTERNATIONAL
  MOTORS, INC.

PHIPPS, Senior Appellate Judge.

Christopher C. Elliott, James M. Turner, Elliott & Turner Motor Company, LLC ("ETMC"), and Premier International Motors, LLC d/b/a Savannah Mitsubishi ("PIM") (collectively the "Appellants") appeal from a judgment entered against them in a case arising from ETMC's attempt to purchase the stock of Savannah International Motors, Inc. ("SIM"), which operates a Volvo dealership, from Ralph Tolman. On appeal, the Appellants contend that the trial court erred by consolidating two cases without their consent, failing to set off $400,000 in earnest money that was owed to Elliott and Turner, and granting SIM's motion for summary judgment as to PIM's counterclaim against SIM. Appellants also assert there was no evidence to

support the jury's finding that Elliott, Turner, and PIM each owed $441,106 to SIM for money had and received and the jury was not authorized to award attorney fees without an award of general damages. For the reasons that follow, we affirm in part and reverse in part.

1. The Appellants contend that the trial court erred when it consolidated two cases without their consent as required under OCGA § 9-11-42 (a). We agree.

The record shows that in June 2017, ETMC filed a lawsuit against SIM and Tolman, which was assigned case number CV17-0630-BA. In August 2017, SIM filed a lawsuit against Elliott, Turner, ETMC, and PIM, which was assigned case number CV17-0805-BA. On January 17, 2019, the parties filed a joint motion to consolidate the two cases and attached a proposed order "setting forth the realignments required by the consolidation." The proposed order stated that all parties "consented to the consolidation and the realignment of the parties set forth in the amended style of this order." The style of the proposed order listed ETMC as plaintiff; SIM and Tolman as defendants; and Elliott, Turner, ETMC, PIM, and Charles Teel as defendants-in-counterclaim.

On January 24, 2019, the parties filed a joint motion to amend the style of the cases which were proposed for consolidation in the January 17, 2019 joint motion.

The January 24, 2019 joint motion stated that it had come to the parties' attention that PIM had been incorrectly identified as an "Inc." rather than an "LLC" in the January 17, 2019 joint motion and proposed order, and the motion to amend attached a revised proposed order. The revised proposed order again stated that all parties "consented to the consolidation and the realignment of the parties set forth in the amended style of this order." The style of the revised proposed order again listed ETMC as plaintiff; SIM and Tolman as defendants; and Elliott, Turner, ETMC, PIM, and Teel as defendants-in-counterclaim.

On March 7, 2019, Elliott, Turner, and ETMC filed a motion to determine the real party in interest to assert fraud claims currently asserted alternatively by ETMC and by defendants-in-counterclaim Elliott and Turner and, if necessary, realign the parties so that Elliott and Turner appeared as plaintiffs with ETMC. The style of this motion listed ETMC as plaintiff; SIM and Tolman as defendants; and Elliott, Turner, ETMC, PIM, and Teel as defendants-in-counterclaim. On March 8, 2019, SIM and Tolman responded and proposed a style of the case that listed SIM as plaintiff; Elliott, Turner, ETMC, PIM, and Teel as defendants; and Tolman as defendant-in-counterclaim.

On March 8, 2019, the trial court entered a consent order consolidating case number CV17-0630-BA with case number CV17-0805-BA. The consent order appears to be the proposed order that was attached to the January 17, 2019 joint motion, which, as noted above, shows ETMC as plaintiff; SIM and Tolman as defendants; and Elliott, Turner, ETMC, PIM, and Teel as defendants-in-counterclaim.

On March 12, 2019, SIM and Tolman filed a motion to vacate the March 8, 2019 order, raising issues regarding the style of the case and alignment of the parties. On March 13, 2019, the Appellants filed a brief in opposition to SIM and Tolman's motion to vacate, arguing that the style of the case should not be changed.

On March 27, 2019, the trial court ruled on both SIM and Tolman's motion to vacate the March 8, 2019 order and Elliott, Turner, and ETMC's motion to determine the real party in interest. The trial court vacated the March 8, 2019 order, again consolidated the cases, and ordered that the style of the consolidated case show SIM as plaintiff; Elliott, Turner, ETMC, PIM, and Teel as defendants; and Tolman as defendant-in-counterclaim, as SIM and Tolman had proposed. The Appellants assert on appeal that the trial court erred in consolidating the cases with a different style than the one agreed upon by the parties.

OCGA § 9-11-42 (a) provides:

When actions involving a common question of law or fact are pending before the court, *if the parties consent*, the court may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

(emphasis supplied). "[T]he parties must consent before a trial court may consolidate or join related actions for trial." *Ford v. Uniroyal Goodrich Tire Co.*, 267 Ga. 226, 229 (2) (476 SE2d 565) (1996). See also *Ga. Transmission Corp. v. Worley*, 312 Ga. App. 855, 856 (720 SE2d 305) (2011) ("OCGA § 9-11-42 (a) . . . requires the consent of *all* parties before any consolidation of actions can be effectuated.") (emphasis in original).

According to the Appellants, the record clearly shows that they only consented to consolidation if ETMC was listed as the plaintiff in the style of the case. SIM, on the other hand, argues that when the parties consented to the consolidation, "all parties were subject to subsequent realignment." However, this argument fails because the realignment was not "subsequent" to consolidation. The trial court's March 27, 2019 order vacated the parties' agreed upon consolidation and ordered the

cases consolidated with a case style reflecting the realignment of the parties requested by SIM and Tolman. The Appellants did not consent to this subsequent consolidation.

Indeed, the record clearly shows that the parties consented to consolidation with a specific case style, which represented the agreement of the parties. Both versions of the proposed consolidation order submitted to the trial court set forth the same case style, which listed EMTC as plaintiff; SIM and Tolman as defendants; and Elliott, Turner, ETMC, PIM, and Teel as defendants-in-counterclaim. The January 17, 2019 motion described this alignment of the parties as "the realignments required by the consolidation." While the Appellants' motion to determine the real party in interest requested the trial court to realign the parties if necessary, that realignment would have been to add Elliott and Turner as plaintiffs along with ETMC. The Appellants never consented to consolidation with the alignment ordered by the trial court on March 27, 2019.

Under these circumstances, we find that the Appellants consented to consolidation only if ETMC was listed as the plaintiff in the style of the case. Thus, the trial court's March 27, 2019 order consolidated the cases without the consent of all the parties and violated OCGA § 9-11-42 (a). See *Ford*, 267 Ga. at 229 (2). "When the statutory rights of a party are violated, the law presumes injury." Id. We therefore

6

conclude that the trial court committed reversible error when it entered the order consolidating the cases without the consent of all the parties. Id. This reversible error demands that the improperly consolidated cases be retried.

2. The Appellants contend that the trial court erred by granting SIM's motion for summary judgment as to PIM's counterclaim against SIM for fraud and conspiracy because there was evidence in the record to create a genuine issue of material fact as to these claims. We disagree.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims.

*Bowden v. Med. Center, Inc.*, 309 Ga. 188, 199 (2) (a) (845 SE2d 555) (2020) (citation omitted).

In its counterclaim against SIM for fraud and conspiracy, PIM asserted that it entered into two leases, one with Anna Tolman and one with Lucinda C. Tolman Enterprises, LLLP ("LCTE"), in order to operate a Mitsubishi dealership. PIM claimed that, at the time Anna Tolman and LCTE signed these leases, SIM and Ralph

7

Tolman knew that the leased properties were still under lease to SIM; that Anna Tolman admitted that the SIM leases were not terminated prior to executing the PIM leases; that SIM and PIM's landlords have subsequently maintained the PIM leases are legally unenforceable; and that, "[c]onsequently, SIM has admitted it conspired with PIM's landlords to knowingly and falsely mislead PIM into entering double leases." PIM alleged that it relied on the "knowingly false promises and obligations as set forth in the leases" and that "SIM committed fraud by intentionally and jointly conspiring with PIM's landlords to make knowingly false promises and commitments in the leases in issue."

In September 2019, SIM filed a motion for summary judgment on PIM's counterclaim. In October 2019, the trial court granted SIM's motion for summary judgment. The trial court found that because SIM was not a party to the leases, PIM had no claim for fraud against SIM based on the leases. The trial court therefore dismissed the fraud claim. Because it concluded PIM had no claim of fraud against SIM, the trial court also dismissed PIM's claims for civil conspiracy.

On appeal, the Appellants contend that Tolman's admission "that SIM did not terminate its leases with LCTE after the property was leased to PIM" creates a

8

genuine issue of material fact as to PIM's claims against SIM for fraud and conspiracy. We disagree.

"The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Bowden*, 309 Ga. at 199 (2) (a), n. 10 (citation and punctuation omitted). Here, PIM alleged that it justifiably relied on "knowingly false promises and obligations as set forth in the leases." However, SIM is not a party to the leases on which PIM based its fraud claims. Because SIM is not a party to either lease, it could not have made "knowingly false promises and obligations as set forth in the leases." Consequently, Tolman's admission that SIM did not terminate its leases after the property was leased to PIM does not create a genuine issue of material fact with respect to PIM's fraud claim against SIM.

Because the fraud claim fails, the civil conspiracy claim also fails:

> A conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means. To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort. Absent the underlying tort, there can be no liability for civil conspiracy.

*Jenkins v. Wachovia Bank, Nat. Assn.*, 309 Ga. App. 562, 567 (3) (711 SE2d 80) (2011). Thus, SIM cannot be liable for civil conspiracy based on the fraud claim, and the trial court did not err in granting SIM's motion for summary judgment as to PIM's counterclaim against SIM for fraud and conspiracy. Id.

3. Based on our conclusion in Division 1 that the improperly consolidated cases must be retried, we need not address the Appellants' remaining enumerations of error.

*Judgment affirmed in part and reversed in part. McFadden, C. J., and Rickman, P. J., concur.*