## A01A0693. GLAZA v. MORGAN.
(548 SE2d 389)

PHIPPS, Judge.

We granted Joel Glaza's application for discretionary appeal of an order of the Superior Court of Gwinnett County awarding attorney fees to his former wife, Jamie Morgan, in her child custody modification action against him. Because we find no basis for the award under Georgia law, we reverse.

Glaza and Morgan were divorced in the Superior Court of Cherokee County. Their divorce decree provided for joint custody of their minor child and named Morgan as the primary custodian and ultimate decision maker. Glaza was given custodial visitation with the child on alternating weekends from 6:00 p.m. on Friday until 9:00 a.m. on Monday and each Wednesday from 6:00 p.m. until either Thursday or Friday at 9:00 a.m. (depending on whether he had custody of the child the following weekend).

After Glaza moved from Fulton County (where Morgan resides) to Gwinnett County, Morgan brought this action against him there. In her complaint, Morgan sought to discontinue the joint custody arrangement and eliminate weeknight visitation because of Glaza's change of residence. She also charged Glaza with contempt of the parties' divorce decree for refusing to disclose his business and residential addresses and for failing to pay child support.

Glaza denied that there had been any material change in circumstances warranting reduction of his custody rights. He also asserted that there was a pending contempt action by Morgan against him in the Cherokee County Superior Court. In addition, he filed a counterclaim seeking modification of the divorce decree to allow his wife or mother to pick up the child for visitation when it is inconvenient for him to do so.

Morgan offered to settle the case by retaining essentially the same weekend visitation schedule, but substituting afternoon and evening visits on Wednesdays in place of overnight stays. Glaza responded with a suggestion that the parties mediate the dispute, but Morgan refused. Glaza then made a settlement offer that would have expanded rather than restricted the amount of time the child spends with him on weeknights.

Approximately two weeks later, the case came on for a hearing. From the bench, the court determined that there had been a substantial change in condition warranting modification of the parties'

divorce decree. The court ruled that Glaza's custody would be changed to Wednesday nights from after school until 8:00 p.m. and on alternating weekends from Friday after school until Sunday at 6:00 p.m. The court also ruled that joint legal custody would remain in effect and that Glaza's wife and mother could pick up the child on days when Glaza has custody. Other changes in the rather detailed summer, holiday, and birthday visitation schedule necessitated entry of a lengthy order, which Morgan drafted. One month after the hearing, the court entered the order with a number of handwritten insertions and deletions.

On the date the order was entered, Morgan filed a motion for attorney fees under OCGA § 9-15-14 (b) based on allegations that Glaza had acted in a vexatious, stubborn, and litigious manner by ignoring her settlement offers and making no reasonable counteroffers. Glaza then requested attorney fees under OCGA § 9-15-14 (b) for having to defend both Morgan's complaint and her request for attorney fees. The court entered an order finding that "relative equities would be best served" by granting Morgan's attorney fee request and denying Glaza's. The court awarded Morgan $2,498 in fees.

Under OCGA § 9-15-14 (b), a court may assess reasonable and necessary attorney fees and expenses of litigation if it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification, i.e., was substantially frivolous, groundless, or vexatious.[1] A decision under OCGA § 9-15-14 (b) must be sustained unless the trial court abused its discretion.[2]

We interpret the order appealed as a refusal to award attorney fees to either party under OCGA § 9-15-14. Because the court granted essential relief Morgan requested in her complaint, we cannot say that her action against Glaza was unjustified. Because the court granted Glaza relief which Morgan had not agreed to, we cannot say that Glaza acted in bad faith by refusing to settle the case. Consequently, the court did not abuse its discretion in denying either Glaza's OCGA § 9-15-14 request for attorney fees incurred by him in defending this action or Morgan's similar request for attorney fees incurred by her as a result of the parties' inability to reach a settlement.

This brings us to Morgan's argument that statutory provisions other than OCGA § 9-15-14 authorized the court's award of attorney fees to her. We cannot agree.

Under OCGA § 19-6-2 (a), cited by Morgan, the court in its dis-

---

[1] *Harkleroad & Hermance, P.C. v. Stringer*, 220 Ga. App. 906, 908 (3) (472 SE2d 308) (1996).

[2] Id. at 907.

cretion may award attorney fees as a part of the expenses of litigation where

> the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case, including but not limited to contempt of court orders involving property division, child custody, and child visitation rights. . . .

This action was not for divorce or alimony. Although it was styled as an action for contempt based on Glaza's noncompliance with disclosure and child support provisions of the parties' divorce decree, and although it is undisputed that Glaza had not complied with these provisions, the contempt issues were not adjudicated because of the pendency of another contempt action between the parties. Under these circumstances, the court was not authorized to award attorney fees under OCGA § 19-6-2 (a).

OCGA § 19-6-19 (d), also cited by Morgan, authorizes an award of attorney fees and litigation expenses to the prevailing party in proceedings for the modification of alimony for the support of a spouse or child. This is not an alimony modification action. It is a child custody modification. Aside from OCGA § 9-15-14, we are not aware of, nor have we been cited to, any provision of law for the award of attorney fees in proceedings such as this.[3]

Because this was arguably an action for contempt, the court did not abuse its discretion in denying Glaza's OCGA § 9-15-14 request for attorney fees incurred by him in defending Morgan's attorney fee motion. The court did err, however, in awarding attorney fees to Morgan based on equitable considerations.

*Judgment reversed. Smith, P. J., and Barnes, J., concur.*

DECIDED MARCH 14, 2001.

*Turner, Turner & Turner, Nelson G. Turner*, for appellant.
*Miles W. Rich*, for appellee.

---

[3] See *Peacock v. Adams*, 230 Ga. 774, 775 (2) (199 SE2d 254) (1973).