A03A0540, A03A0541. COTTING v. COTTING (two cases).
(582 SE2d 527)

RUFFIN, Presiding Judge.

The trial court awarded Miki Cotting attorney fees in two domestic relations actions filed by her ex-husband, Steven. Mr. Cotting applied for discretionary appeal in both cases, and we granted his applications. For reasons that follow, we vacate the award in Case No. A03A0540 and remand for further proceedings. In Case No. A03A0541, we vacate the award in part, reverse in part, and remand.

Mr. and Mrs. Cotting were divorced on January 8, 1999. The final divorce decree incorporated the parties' settlement agreement, which provided for joint legal custody of their minor child. The parties further agreed that Mrs. Cotting would retain primary physical custody, and they established a schedule for Mr. Cotting's "parenting time."

Disputes regarding parenting eventually arose, and, on April 2, 2001, Mr. Cotting filed a complaint against his ex-wife seeking enforcement and modification of the settlement agreement ("the enforcement action"). Mrs. Cotting answered and filed a counterclaim, in which she moved the trial court to hold Mr. Cotting in contempt for violating the divorce decree. The case proceeded to a bench trial in October 2001, resulting in a final order filed January 9, 2002.

In that order, the trial court found Mr. Cotting in contempt of the divorce decree, while determining that Mrs. Cotting had fully complied with the decree and the settlement agreement. As a result, the trial court awarded Mrs. Cotting attorney fees pursuant to OCGA § 19-6-2 (a). It further noted that Mr. Cotting had filed several meritless discovery motions, entitling Mrs. Cotting to a fee award under OCGA § 9-11-37 (a) (4) (B). The trial court ordered Mr. Cotting to pay his ex-wife $3,000 in attorney fees, but it did not apportion that award between the contempt and discovery abuse findings. Mr. Cotting subsequently moved for reconsideration of the final order.

Meanwhile, on December 1, 2001, Mr. Cotting filed a second complaint against Mrs. Cotting, seeking custody modification ("the modification action"). Mrs. Cotting moved to dismiss this complaint on February 5, 2002, arguing that it addressed the same issues as the

enforcement action. In addition, she requested attorney fees in both suits under OCGA §§ 19-6-2, 9-15-14, and 9-11-37 (a) (4) (B).

The trial court denied Mr. Cotting's motion for reconsideration in the enforcement action and dismissed his modification action. In separate orders entered May 20, 2002, it also directed Mr. Cotting to pay Mrs. Cotting $7,000 in attorney fees in each suit. The trial court specified that the $7,000 payment in the enforcement action was "in addition [to the] court's previous award of [$3,000 in] attorney[ ] fees entered January 9, 2002."

In Case No. A03A0540, Mr. Cotting challenges the $7,000 fee award in the enforcement action. In Case No. A03A0541, he appeals the award in the modification action. He argues that the three statutes cited by Mrs. Cotting — OCGA §§ 9-15-14, 9-11-37 (a) (4) (B), and 19-6-2 — do not support an attorney fee award in either case. Although we cannot address most of Mr. Cotting's arguments on the merits, we agree that the orders, as written, cannot stand.

*Case No. A03A0540 — The Enforcement Action*

1. OCGA § 9-15-14 authorizes, and in some cases requires, a trial court to award attorney fees to a party forced to defend against groundless and frivolous litigation. Mrs. Cotting asserts that the frivolous nature of the enforcement action supports the $7,000 fee award.

The trial court, however, did not include any factual findings in its order granting those fees. And "[w]hen a judgment awards legal fees or expenses of litigation under OCGA § 9-15-14, but contains no findings by the trial court of conduct that would authorize the award, that portion of the judgment must be vacated."[1] To the extent the May 20, 2002 fee award rests on OCGA § 9-15-14, therefore, we must vacate the award and remand this case to the trial court for appropriate findings of fact.[2]

2. Furthermore, even if the trial court based its May 20, 2002 award on OCGA § 19-6-2 or § 9-11-37 (a) (4) (B), remand is necessary. Under OCGA § 19-6-2, a court may award attorney fees in an action "for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case, including but not limited to contempt of court orders involving property division, child custody, and child visitation." OCGA § 9-11-37 (a) (4) (B), on the other hand, relates to fees generated during discovery. Pursuant to that provision, a trial court that denies a motion to compel may order

[1] *Wyatt v. Hertz Claim Mgmt. Corp.*, 236 Ga. App. 292, 293 (2) (511 SE2d 630) (1999).

[2] See id. at 293-294; *Shimshi v. A. G. Spanos Dev.*, 228 Ga. App. 669-670 (492 SE2d 531) (1997).

the moving party to pay the nonmovant reasonable attorney fees "incurred in opposing the motion."[3]

Mrs. Cotting argues that the January 9, 2002 order holding Mr. Cotting in contempt and denying his discovery motions authorizes the $7,000 fee award under either statute. Those contempt and discovery rulings, however, have already formed the basis for an attorney fee award — the $3,000 granted in the January 9, 2002 order. We cannot discern whether the trial court intended the $7,000 award to relate back to or supplement the January 9, 2002 award.[4] And nothing in the May 20, 2002 order indicates that the trial court entered a second contempt finding or ruled on another motion to compel.

Simply put, we are in the dark regarding the trial court's intent, as well as the basis for its ruling, and we cannot properly review the May 20, 2002 fee award. Once again, therefore, we must vacate the award and remand for further clarification of the trial court's order.[5]

### Case No. A03A0541 — The Modification Action

3. As in Case No. A03A0540, the May 20, 2002 fee order in the modification action is skeletal. To the extent the award relies on OCGA § 9-15-14, therefore, we must vacate and remand for factual findings.[6]

4. Finally, we must reverse any portion of the fee award based on OCGA § 19-6-2 or § 9-11-37 (a) (4) (B). Unlike the enforcement action, this case focuses solely on custody modification and has no contempt allegations. It thus falls outside the parameters of OCGA § 19-6-2, which does not authorize an attorney fee award in a custody modification suit.[7] Furthermore, the record lacks any evidence that the parties actively conducted discovery or filed motions to compel in this case before the dismissal.[8] The discovery sanctions in OCGA § 9-11-

---

[3] OCGA § 9-11-37 (a) (4) (B).

[4] We express no opinion on whether such relation-back would be proper.

[5] See *Easler v. Fuller*, 169 Ga. App. 110, 111 (311 SE2d 534) (1983) (fee award remanded to trial court for clarification as to statutory basis).

[6] See *Wyatt*, supra; *Shimshi*, supra.

[7] See *Glaza v. Morgan*, 248 Ga. App. 623, 624-625 (548 SE2d 389) (2001) (OCGA § 19-6-2 not a proper basis for attorney fee award in child custody modification action); *In the Interest of S. K. R.*, 229 Ga. App. 652, 653 (494 SE2d 558) (1997) (award of attorney fees in case seeking change of custody could not be based on OCGA § 19-6-2, which only authorizes fee award "in (1) alimony cases, (2) divorce and alimony cases, and (3) contempt actions arising out of alimony or divorce and alimony cases"). Compare *McDonogh v. O'Connor*, 260 Ga. 849-850 (400 SE2d 310) (1991) (OCGA § 19-6-2 proper basis for attorney fee award in action involving modification of visitation *and* contempt).

[8] The record shows that Mr. Cotting served interrogatories, requests for production, and a notice of deposition on Mrs. Cotting six days before the trial court dismissed the modification action, but it does not appear that she responded to these discovery requests.

37 (a) (4) (B), therefore, do not support a fee award in the modification action.

*Judgment vacated in Case No. A03A0540 and case remanded with direction. Judgment vacated in part and reversed in part in Case No. A03A0541 and case remanded with direction. Smith, C. J., and Miller, J., concur.*

DECIDED MAY 22, 2003.

Steven R. Cotting, *pro se.*
*Weekes & Candler, Terri A. Candler*, for appellee.