## A07A1746. COTHRAN v. MEHOSKY.
(649 SE2d 838)

BLACKBURN, Presiding Judge.

In this action to set aside a finding of paternity and to modify child support, we granted discretionary appeal to review the trial court's award of attorney fees to Stanley Mehosky for his counsel's contempt-hearing preparation after his ex-wife failed to comply with an order for DNA testing. As the statute relied upon by the trial court does not authorize an award of attorney fees in this case, we reverse.

The undisputed evidence shows that Mehosky and Victoria Cothran were divorced on July 15, 1997. In the final decree, Mehosky acknowledged paternity of the two minor children born during the marriage (a daughter and a son) and was ordered to pay child support. On November 30, 2005, he filed an action to set aside the finding of paternity and to modify the child support award, claiming that he was not the legitimate biological father of the son. When Cothran contested these claims, Mehosky obtained an order from the trial court requiring Cothran to submit to DNA paternity testing. She refused to comply, and Mehosky moved for contempt. Prior to the court's ruling at a December 5, 2006 contempt hearing, the parties entered into an agreement, in which Cothran conceded Mehosky was not the biological father of the son, and in which Mehosky's child support obligation was modified. The sole issue remaining before the trial court was Mehosky's request for attorney fees.

Although it declined to award attorney fees for the entire cost of the action, the court awarded fees to Mehosky, pursuant to OCGA § 19-6-2, for his counsel's work performed in preparation for the contempt hearing. The court reasoned that OCGA § 19-6-2 (a) authorized attorney fees in "alimony, divorce and alimony, or contempt proceedings," and thus governed the December 5 contempt hearing.[1] The court rejected Mehosky's claim of $6,071.50 worth of work by his

---

[1] The trial court rejected any other statutory basis for awarding attorney fees in the action. It reasoned that attorney fees were not authorized under OCGA § 19-7-54 (g), since the petition

attorney performed for the contempt hearing, and awarded $3,705 as "reasonable compensation."

Cothran appeals, contending that OCGA § 19-6-2 does not authorize attorney fees in these circumstances, and that therefore the trial court's award was in error. We agree.

Where, as here, the issue is a question of law, we apply the plain legal error standard of review and owe no deference to the trial court's ruling. *Suarez v. Halbert*.[2]

"As a general rule, Georgia law does not provide for the award of attorney fees even to a prevailing party unless authorized by statute or by contract." *Suarez v. Halbert*, supra, 246 Ga. App. at 824 (1). OCGA § 19-6-2 (a) authorizes attorney fees against either party, upon consideration of their financial circumstances, where "the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case. . . ." An award of attorney fees under the statute is not predicated on the wrongdoing of either party. *Cason v. Cason*.[3] Rather, the General Assembly has provided for the award of attorney fees particularly in alimony and divorce cases so as to "ensure effective representation of both spouses so that all issues can be fully and fairly resolved." *Johnson v. Johnson*.[4] Georgia courts have thus approved attorney fees pursuant to OCGA § 19-6-2 when awarded as part of the expense of litigation in the original alimony and divorce proceedings, *Rieffel v. Rieffel*,[5] and in subsequent actions for contempt based on a party's noncompliance with the divorce or alimony decree. See *Cotting v. Cotting*;[6] *Thedieck v. Thedieck*.[7]

Where the action seeks solely to modify the alimony or divorce decree, however, such as an action for modification of child support, child custody, or visitation, and does not contain any contempt allegations for failure to comply with the original alimony or divorce decree, it falls outside the parameters of OCGA § 19-6-2. See *Cotting v. Cotting*, supra, 261 Ga. App. at 372 (2), (4) (attorney fees are authorized in action involving contempt allegations for violation of original divorce decree, but not in custody modification action). See also *Glaza v. Morgan*[8] (even though child visitation modification

---

for DNA testing had not been denied. The court also concluded that attorney fees were not authorized under OCGA § 9-15-14 (b), as the proceedings were not frivolous.

[2] *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

[3] *Cason v. Cason*, 281 Ga. 296, 299-300 (3) (637 SE2d 716) (2006).

[4] *Johnson v. Johnson*, 260 Ga. 443, 444 (396 SE2d 234) (1990).

[5] *Rieffel v. Rieffel*, 281 Ga. 891, 893 (1) (644 SE2d 140) (2007).

[6] *Cotting v. Cotting*, 261 Ga. App. 370, 371-372 (2) (582 SE2d 527) (2003).

[7] *Thedieck v. Thedieck*, 220 Ga. App. 764, 767 (2) (470 SE2d 265) (1996).

[8] *Glaza v. Morgan*, 248 Ga. App. 623, 625 (548 SE2d 389) (2001).

action was styled as one for contempt for noncompliance with divorce decree, OCGA § 19-6-2 did not authorize attorney fees award because contempt issues were not adjudicated). Compare *McDonogh v. O'Connor*[9] (court had discretion to award attorney fees because action for modification of visitation and child support was joined with an action for contempt for failure to comply with the original divorce decree).

Here, the action was not for alimony or divorce, which had in fact been finalized between the parties approximately eight-and-one-half years earlier. Instead, the action to set aside the paternity finding as to the son and to decrease the child support obligation was an action for modification of the original divorce decree. See *Thornton v. Intveldt*[10] (award of attorney fees reversed where action sought modification of custody and child support). The case involved no allegations of contempt for noncompliance with the original decree. See *Cotting v. Cotting*, supra, 261 Ga. App. at 372 (4). Thus, although contempt proceedings arose when Cothran later failed to comply with the court's order for DNA testing, these proceedings did not arise out of the original divorce case, as required by OCGA § 19-6-2, but arose instead out of the paternity and modification action. The trial court's award of attorney fees to Mehosky pursuant to OCGA § 19-6-2 was therefore improper.

*Judgment reversed. Ruffin and Bernes, JJ., concur.*

DECIDED JULY 16, 2007.

*William J. Mason*, for appellant.
*Kessler & Schwarz, Louis J. Tesser*, for appellee.

---

[9] *McDonogh v. O'Connor*, 260 Ga. 849, 850 (400 SE2d 310) (1991).
[10] *Thornton v. Intveldt*, 272 Ga. App. 906, 907 (614 SE2d 175) (2005).