**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 19, 2015**

# In the Court of Appeals of Georgia

A15A1032. HALL v. HALL.                                    BO-051

BOGGS, Judge.

Keith Hall, the father of 18-year-old L. H. and 16-year-old Z. H, appeals from both a temporary order and final order modifying child support, finding him in contempt, and awarding Felice Hall attorney fees. Keith contends that the trial court erred by (1) finding him in contempt for failing to pay child support, (2) awarding attorney fees without specifying a statutory or factual basis for such an award, (3) granting a temporary modification of child support without setting forth the specific information required by OCGA § 19-6-15 (c) (2), and (4) awarding temporary attorney fees pursuant to OCGA § 19-6-15 (k) (5). We granted Keith's application for discretionary review, and, for the reasons explained below, we affirm the contempt

finding and the temporary modification rulings, but we vacate the award of attorney fees in the final order and remand the case with direction.

The record shows that L. H. and Z. H. were born out of wedlock, but Keith legitimated both children. The children's mother, Joanne Dean, consented to the placement of the children with Felice, Keith's former sister-in-law,[1] and is not a party to this appeal. There does not appear to be any dispute regarding the underlying facts in this case. The minor children have been the subject of numerous court orders, and, except for a period between 2002 and 2004, they have lived with Felice since 2000.[2] On July 6, 2001, Keith was ordered to pay child support in the amount of $112.00 per child per month through Child Support Enforcement. Keith was found to be in contempt of the child support order on April 11, 2002, and once again the court ordered him to pay $112.00 per child per month through Child Support Enforcement. Felice was granted final legal custody and control of the children on March 28, 2005.

---

[1] Felice had been married to Keith's brother, but the two divorced before she obtained custody of the children.

[2] The trial court specifically noted in its order that it was not awarding child support arrearage to Felice for the time period when the children were not residing with her. Due in part to his incarcerations, Keith has never had a court order granting him custody of the children, though they briefly lived with him during some of the time they were not in Felice's custody.

2

At some point in 2010 or 2011, Felice opened a case with Child Support Services to collect child support. As a result, Child Support Services initiated collection activities, including interception of a tax refund due to Keith and enforcement of an income deduction order against his wages.

In 2012, Keith filed a motion to modify the previous court orders to obtain custody of or reasonable visitation with the children, and the court entered an order allowing some limited visitation. Keith also filed a petition for legal and equitable relief from the child support order, arguing, in part, that Felice used fraudulent and deceitful means to obtain child support from him. Felice denied the allegations and filed a counterclaim for modification of child support and necessaries, including a request for attorney fees incurred in connection with the action. She subsequently amended her counterclaim to add a count for contempt and requested attorney fees pursuant to OCGA §§ 9-15-14 and 19-6-2 based on the costs incurred to enforce the prior court orders for child support.

On March 21, 2013, the trial court considered Felice's request for a temporary modification of child support and entered an order modifying the award of child support to $509.00 per month. The trial court also awarded Felice attorney fees in the amount of $1,080.00. On September 23, 2013, the trial court dismissed Keith's

petition based on his failure to comply with discovery requests or appear at a hearing to explain his non-compliance. It does not appear that this order was ever appealed. Thereafter, on June 16, 2014, the trial court entered a final order awarding Felice child support in the amount of $498.00 per month. The court further found Keith in contempt of previous court orders requiring him to pay child support, and it awarded Felice arrearage amounts and attorney fees.

1. Keith contends the trial court erred in finding him in contempt of court for failing to pay $19,077.03 in past due child support based on the original child support obligation obtained by Child Support Services and the subsequent temporary order in this action. According to Keith, Felice lacks standing to enforce the original child support order because she was never a party to the order or actions. He also suggests that Felice did not have the authority to request a "modification" of the original court order. We disagree.

First, Keith fails to cite any statute or case law suggesting that Child Support Services is the only entity entitled to enforce child support orders originally obtained by Child Support Services. In fact, the law suggests the opposite. Although Felice was not a party to the action when Child Support Services obtained the original child support order on behalf of the minor children in 2001, case law supports the argument

4

that she has standing to enforce and modify the original child support order as the legal and physical custodian of the minor children. See generally *Monroe v. Taylor*, 259 Ga. App. 600 (577 SE2d 810) (2003) (affirming trial court's order awarding increase in child support to custodial parent when original award made to Department of Human Resources in child support recovery action).

Statutory authority also supports the conclusion that Felice has standing to pursue a modification of child support or a finding of contempt based on Keith's failure to pay child support pursuant to a previous court order. Under OCGA § 29-2-22 (a) (3), as the children's guardian, Felice is authorized to "[b]ring, defend, or participate in legal, equitable, or administrative proceedings, . . . as are appropriate for the support, care, education, health, or welfare of the minor in the name of or on behalf of the minor." In addition, OCGA § 19-6-15 (e) permits a nonparent custodian to enforce the child support provisions in that subsection. And OCGA § 19-6-35 (a) defines child support obligors and obligees as follows:

> (1) "Child support obligee" means an individual to whom the payment of a child support obligation is owed and includes a custodial parent or caretaker of a child to whom such support obligation is to be paid or a governmental agency entitled by law to enforce a child support obligation on behalf of such parent, caretaker, or child.

5

(2) "Child support obligor" means an individual owing a duty of support to a child or children, whether or not such duty is evinced by a judgment, order, or decree.

Here, Keith is the child support obligor and Felice is the child support obligee. As an obligee under a judgment requiring the payment of child support, Felice may pursue available remedies for enforcing the judgment, singly or concurrently with Child Support Services, until the judgment is satisfied. See *Baars v. Freeman*, 288 Ga. 835, 839 (2) (a) (708 SE2d 273) (2011); *Dept. of Human Resources v. Chambers*, 211 Ga. App. 763, 766 (2) (441 SE2d 77) (1994) (mother permitted to file contempt against father ordered to pay child support through DHR).

"A trial court's ruling on a contempt motion will be affirmed if there is any evidence to support it." (Citation omitted.) *Baars*, supra, 288 Ga. at 838 (2). In this case, Keith legitimated the children and acknowledges that a child support order was entered. He has failed to demonstrate that Felice, as the children's guardian, lacks standing to pursue a contempt action based on his failure to pay child support pursuant to the previously entered court orders. The trial court's order finding him in contempt is therefore affirmed.

2. Keith argues that the trial court erred in awarding attorney fees without specifying a statutory or factual basis for the award. We are constrained to agree.

6

"As a general rule, Georgia law does not provide for the award of attorney fees even to a prevailing party unless authorized by statute or by contract." (Citation and punctuation omitted.) *Cothran v. Mehosky*, 286 Ga. App. 640, 641 (649 SE2d 838) (2007). Here, Felice sought attorney fees under both OCGA § 19-6-2 and OCGA § 9-15-14. However, in its order granting Felice's temporary modification for child support, the trial court awarded attorney fees "in accordance with [OCGA] § 19-6-15," and in its final order, the trial court failed to specify any statutory basis for the award: "Additionally, the Court awards the previous attorney's fees in the amount of $380.00 [which] were awarded in the prior Order. Additionally, the Court awards $5,000.00 in attorney's fees to the Respondent as part of the attorney's fees incurred in bringing this action."

Georgia appellate courts have repeatedly held:

> When there is more than one statutory basis for the attorney-fee award and neither the statutory basis for the award nor the findings necessary to support an award is stated in the order and a review of the record does not reveal the basis of the award, the case is remanded for an explanation of the statutory basis for the award and the entry of any findings necessary to support it.

(Citations omitted.) *Viskup v. Viskup*, 291 Ga. 103, 106 (3) (727 SE2d 97) (2012) (court may review record to determine statutory basis of attorney fees order); see also

7

*Blumenshine v. Hall*, 329 Ga. App. 449, 454 (5) (765 SE2d 647) (2014). The final order in the present case does not cite a statutory basis for the award or track any statutory language, so we must look to the record to see if it reveals the basis of the award.

We first turn to the two attorney fees statutes specified by Felice in her counterclaim: OCGA §§ 19-6-2 and 9-15-14.

> OCGA § 19-6-2 (a) (1) authorizes the grant of attorney fees in a divorce action within the sound discretion of the court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney[] fees, if any, to be allowed against either party. OCGA § 9-15-14 (b) authorizes an award of reasonable and necessary attorney fees upon a finding that an action or any part thereof lacked substantial justification, was interposed for delay or harassment, or an attorney or party unnecessarily expanded the proceeding by other improper conduct. The purpose of an award of attorney fees pursuant to § 19-6-2 is to ensure effective representation of both spouses so that all issues can be fully and fairly resolved. The damages authorized by § 9-15-14 are intended not merely to punish or deter litigation abuses but also to recompense litigants who are forced to expend their resources in contending with abusive litigation.

(Citations and punctuation omitted.) *Moon v. Moon*, 277 Ga. 375, 378 (6) (589 SE2d 76) (2003). Felice is not entitled to attorney fees based on OCGA § 19-6-2 because

8

this case does not involve an action for "alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case." OCGA § 19-6-2 (a); see *Viskup*, supra, 291 Ga. at 107 (3) (OCGA § 19-6-2 not applicable in an action seeking modification of child custody); *Cothran*, supra, 286 Ga. App. at 641 (OCGA § 19-6-2 limited to alimony and divorce cases and subsequent actions for contempt based on noncompliance with divorce or alimony decree).

It does appear, however, that OCGA § 9-15-14 would be applicable and that the trial court could have used that statute as a basis for its award of attorney fees if the proceedings were deemed frivolous, as argued by Felice's counsel during the final hearing, and fees are potentially warranted due to Keith's failure to comply with discovery requests. Under OCGA § 9-15-14 (a), the court shall award fees against a party that "asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." Under OCGA § 9-15-14 (b), the court may award fees against a party that "brought or defended an action, or any part thereof, that lacked substantial justification" or "unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures . . ."

9

The trial court, however, cited OCGA § 19-6-15 to support its award of attorney fees in the order temporarily modifying child support. OCGA § 19-6-15 (k) (5) states as follows:

> In proceedings for the modification of a child support award pursuant to the provisions of this Code section, the court may award attorney's fees, costs, and expenses of litigation to the prevailing party as the interests of justice may require.

An award of attorney fees also appears to be appropriate under this statute despite the fact that Felice did not explicitly request attorney fees on this basis.

Because the record before us indicates two plausible statutory bases for the attorney fees award – OCGA § 9-15-14 or OCGA § 19-6-15 – and nothing in the record eliminates either statute as a basis of the award, it was incumbent upon the trial court to indicate which statute was relied upon in making its award. We therefore must vacate the award of attorney fees and remand the case for the trial court to articulate the statutory basis for its award. See *O'Keefe v. O'Keefe*, 285 Ga. 805, 806 (684 SE2d 266) (2009); *Kuehn v. Key*, 325 Ga. App. 512, 518 (2) (754 SE2d 103) (2014).

In addition to requiring a statutory basis for an award of attorney fees, appellate courts have repeatedly informed trial courts that they must set forth factual support

10

for such an award. "[I]f a trial court fails to make findings of fact sufficient to support an award of attorney fees under either OCGA § 19-6-2 or § 9-15-14, the case must be remanded to the trial court for an explanation of the statutory basis for the award and any findings necessary to support it." (Citation and punctuation omitted.) *Holloway v. Holloway*, 288 Ga. 147, 150 (2) (702 SE2d 132) (2010); see also *Cotting v. Cotting*, 261 Ga. App. 370, 371 (1) (582 SE2d 527) (2003). It is well settled that

> [i]f the court awards attorney fees under OCGA § 9-15-14, it must make express findings specifying the abusive conduct for which the award is made and whether the award is made under subsection (a) or (b) or both. If the court fails to make these findings, the fees award must be vacated and the case remanded for reconsideration.

*Williams v. Becker*, 294 Ga. 411, 413-414 (2) (a) (754 SE2d 11) (2014) (modification of child support case). And, even if the trial court's award was made under OCGA § 19-6-15, "nothing in the language of [that] statute[] suggests that, in the context of a [modification] proceeding, a trial court may award an arbitrary amount of attorney fees based solely on speculation or guesswork." (Citation and footnote omitted.) *Jackson v. Sanders*, 333 Ga. App. 544, 561-562 (6) (773 SE2d 835) (2015) (full concurrence in Division 6).

Here, the trial court failed to set forth the factual basis for its award of attorney fees. The record shows that Felice submitted an invoice from her attorney totaling

11

$7,810.00. Her attorney confirmed that the balance of the attorney fees was in excess of $7,800.00, not including the final hearing, and he testified in his place that "[i]t's been a long, hard case . . . [and the attorney fees] are fair and reasonable." However, the appellate record does not contain any statement regarding the amount of fees attributable to the pursuit or defense of claims for which attorney fees are recoverable and what portion of the attorney's time was spent on matters that are not recoverable, see *Jackson*, supra, 333 Ga. App. at 561 (6), or an explanation of how the trial court's $5,000.00 award was calculated in relation to the $7,800.00 that Felice requested. See *Williams*, supra, 294 Ga. at 414 (2) (b). In addition, although there is evidence in the record that might support an award of some amount of fees to Felice under OCGA § 9-15-14, the court made no express findings specifying any abusive litigation conduct upon which such an award would be based or specifying whether the award was made under OCGA § 9-15-14 (a) or (b). See *Williams*, supra, 294 Ga. at 414 (2) (b).

Accordingly, we vacate the award of attorney fees in the final order and remand the case for the trial court "to reconsider this issue in accordance with this opinion, to state the statutory basis for any award and any necessary findings to support it, and to conduct an evidentiary hearing on the attorney fee issue" if warranted. (Citation omitted.) *Blumenshine*, supra, 329 Ga. App. at 454 (5).

12

3. Keith also argues that the trial court erred in granting a temporary modification of child support pursuant to OCGA § 19-6-15 (k) (4) without specifying the basis for the modification or setting forth the information required by OCGA § 19-6-15 (c) (2). However, this issue already has been decided adversely to Keith. In *Baca v. Baca*, 256 Ga. App. 514, 519 (4) (568 SE2d 746) (2002), this Court specifically found that "[OCGA] § 19-6-15 applies only to final verdicts or decrees, and this case involves a temporary . . . order." Id. We held that since the order in that case awarded only temporary child support, the trial court was not required to engage in the detailed calculation set forth in OCGA § 19-6-15 prior to making its award. Id. Likewise, the Supreme Court held in *Wilbanks v. Wilbanks*, 238 Ga. 660, 661 (1) (234 SE2d 915) (1977), that findings of fact and conclusions of law are not required in temporary child support orders because the merits of the pending action are not at issue. Keith's argument regarding the content of the temporary modification of child support order therefore is without merit, and the temporary order modifying child support is affirmed.

4. Keith also argues that the trial court erred in awarding attorney fees in conjunction with the temporary modification of his child support obligation. Unlike the attorney fee award in the final order in this case, the trial court specified in the

13

temporary order modifying child support that it was awarding attorney fees in the amount of $1,080.00 "in accordance with [OCGA] § 19-6-15 after consideration of the facts and circumstances in this matter." As stated in Division 2, that statute permits an award of attorney fees to the prevailing party in proceedings for the modification of a child support award "as the interests of justice may require." OCGA § 19-6-15 (k) (5). Keith, however, contends that Felice cannot be considered a "prevailing party" because the child support modification was a temporary order. We disagree, and we find no error.

First, Keith fails to cite any case law which suggests that an award under OCGA § 19-6-15 (k) (5) is limited to final hearings or that a temporary order cannot establish a "prevailing party" for this purpose. Here, Felice clearly prevailed at the temporary hearing because she received an increase in child support from $224.00 per month ($112.00 per child) to $509.00 per month. Moreover, even if the trial court should have waited until the final hearing to determine the "prevailing party," the temporary order does not require reversal at this time since Felice has now prevailed in the case pursuant to the final order which we affirm, and the issue is now moot. See generally *Delgado v. Combs*, 314 Ga. App. 419, 425 (1) (724 SE2d 436) (2012);

14

*Flowers v. Robinson*, 157 Ga. App. 471, 472 (1) (a) (278 SE2d 38) (1981). This enumeration of error therefore is without merit.

*Judgment affirmed in part; vacated and remanded with direction in part. Doyle, C. J. and Phipps, P. J., concur.*