**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 30, 2016**

# In the Court of Appeals of Georgia

A16A0692. HILL v. DAVIS

McFADDEN, Judge.

Alonzo Q. Hill appeals from a temporary order of the trial court that held him in contempt. Hill enumerates multiple errors on appeal. As to contempt, Hill's arguments are without merit. But we vacate the award of attorney's fees because the trial court did not specify a statutory basis for the award.

Hill and Chanestia Davis are the parents of a minor child, born out of wedlock in 2005 and legitimated in 2006. Davis had joint legal and primary physical custody of the minor. Hill filed numerous contempt actions against Davis. On June 2012, ruling on one such motion, the trial court ordered the parties to receive joint psychological counseling, and wrote out a schedule for visitation.

In September 2012, after Hill filed another contempt action, the court held Hill in contempt, finding that "[t]he sheer volume of text messages [sent by Hill to Davis] . . . demonstrates to the [c]ourt an excessive compulsion to control every aspect of the child's life." The court ordered that Hill send no more than ten text messages to Davis each month.

Hill filed yet another motion for contempt in November 2014, arguing that Davis had failed to adhere to the visitation schedule and failed to attend the counseling mandated in the prior order. Davis filed a counterclaim, asking that Hill be held in contempt for his continuous harassment of Davis in violation of the prior court order. In an order entered on August 25, 2015, the trial court denied Hill's motion for contempt, but granted Davis's. He found Hill in contempt and awarded Davis attorney's fees. This appeal followed. Although the trial court also granted Davis full legal and full physical custody of the minor, Hill appeals only the trial court's holding of contempt.

1. *Deficiencies in Hill's brief*

As a threshold matter, we address the deficiencies in Hill's brief, which fails to comply with our rules. Notably, Hill's brief does not contain proper citations to the specific page numbers of the record or transcript that are essential to consideration

of the enumerated errors, nor does he include a concise statement of the applicable standard of review. See Court of Appeals Rule 25 (a) (1), (a) (c) (2) (ii). In the absence of proper record citations, we need not "search for or consider such enumeration." Court of Appeals Rule 25 (c) (2) (i). "Briefs that do not conform to our rules hinder our ability to determine the basis and substance of an appellant's appeal. Nonetheless, we will review [Hill's] claims of error to the extent that we can ascertain his arguments." *Gary v. Dollar Thrifty Auto. Group*, 329 Ga. App. 320, n. 1 (763 SE2d 354) (2014) (citation omitted).

2. *Refusal to hold Davis in contempt*.

In his first enumeration of error, Hill contends that the trial court erred by finding that Davis was not in contempt of the June 2012 order. Hill first argues that Davis had previously been held in contempt of that order. But the record is devoid of any orders holding Davis in contempt. "The party asserting error on appeal has the burden to show it affirmatively by the record." *McClaskey v. Jiffy Lube*, 197 Ga. App. 537 (398 SE2d 825) (1990) (citation omitted). "This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel." *Sheffield v. Zilis*, 170 Ga. App. 62, 65 (2) (316 SE2d 493) (1984) (Citation and punctuation omitted). It therefore

must be assumed that the evidence supported the trial court's finding that Davis had not previously been held in contempt.

Hill also argues that the trial court erred because he made a factual finding that both parties failed to comply with the court order by not attending the joint psychological counseling sessions and by not following the visitation schedule, yet did not find Davis in contempt. Trial courts have "broad discretion to determine if a party is in contempt of its order, and the exercise of that discretion will not be reversed on appeal unless grossly abused." *Baker v. Schrimsher*, 291 Ga. 489, 491 (731 SE2d 646) (2012) (Citations omitted.) Here the trial court did not find that either party's failure to adhere to the prior court order rose to the level of contempt, and Hill fails to show any abuse of the trial court's discretion in failing to hold Davis in contempt. See *Higdon v. Higdon*, 321 Ga. App. 260, 262 (b) (739 SE2d 498) (2013).

3. *Hill's contempt.*

Hill argues that the trial court erred by holding him in indirect criminal contempt because trial court did not witness any disrespectful or contumacious conduct from Hill during the hearing. But whether Hill engaged in conduct that was disrespectful or contumacious is irrelevant to whether he was properly held in indirect criminal contempt. "[T]he procedure[s] that a trial court must follow to hold a person

4

in contempt depend upon whether the acts alleged to constitute the contempt are committed in the court's presence (direct contempt) or are committed out of the court's presence (indirect contempt)." *Ramirez v. State*, 279 Ga. 13, 14 (2) (608 SE2d 645) (2005) (Citations omitted). Indirect contempt "may involve some form of wilful disrespect toward the court; it may involve intentional disregard for or disobedience of an order or command of the court, or it may involve conduct which interferes with the court's authority to administer justice." *Dogan v. Dep't of Human Res.,* 278 Ga. App. 905, 907 (1) (630 SE2d 140) (2006) (Citations and punctuation omitted). Here, the trial court based his decision to hold Hill in indirect criminal contempt on Hill's failure to adhere to the prior court order by sending hundreds of texts to Davis. Such conduct was an intentional violation of a prior court order, and the trial court was authorized to hold Hill in indirect contempt for these actions.

4. *Failure to set out findings of fact.*

Hill argues that the trial court erred by failing to set out findings of fact in his order. This contention is without merit. The trial court specifically found that Hill was in violation of a prior court order when he failed to limit his texts to ten per month. That was sufficient. "To hold in contempt, the court must find that there was a wilful

disobedience of the court's decree or judgment." *Beckham v. O'Brien*, 176 Ga. App. 518, 522 (336 SE2d 375) (1985) (citations omitted).

5. *Hearsay.*

Hill argues that hearsay evidence which was excluded at the hearing was used to find that he was in contempt. Hill claims that the testimony of the school's principal "who stated that [a] teacher told her [Hill] had berated her at school and intimidated her," was hearsay that the trial court used to find Hill in contempt. At the hearing, the principal testified about an incident that occurred when Hill confronted a teacher after his son was disciplined. At the hearing, Hill did not object to this testimony. Assuming without deciding that the testimony was hearsay, there is no evidence that the alleged hearsay evidence cited by Hill was considered by the trial court. The order shows that Davis was found in contempt solely because of his violation of the text message provision of the previous order. This contention is therefore without merit.

Hill also argues that "the court allowed [Hill's] blog to be admitted into evidence despite the fact that said blog was hearsay." Once again, the trial court's contempt holding was based solely on the excessive text messages sent from Hill to

Davis, and there is no evidence that the blog was considered by the trial court. This contention is also without merit.

6. *Attorney Fees*

Hill contends that the trial court erred by awarding attorney fees. Because the trial court did not specify the statutory basis for the award, we agree. Davis sought the award of attorney fees in her counterclaim without stating a statutory basis for the award, and the trial court's order states no statutory basis for his award of attorney fees to Hall.

"As a general rule, Georgia law does not provide for the award of attorney fees even to a prevailing party unless authorized by statute or by contract." *Cothran v. Mehosky*, 286 Ga. App. 640, 641 (649 SE2d 838) (2007) (Citation and punctuation omitted). Since Hill originally brought this action to modify child custody, the trial court was authorized to award attorney fees under OCGA § 19-9-3 (g) or OCGA § 19-6-15 (k) (5). See *Viskup v. Viskup*, 291 Ga. 103, 106-107 (1) (727 SE2d 97) (2012). And because the record shows multiple statutory bases for the attorney fees award, "it was incumbent upon the trial court to indicate which statute was relied upon in making its award." *Hall v. Hall*, 335 Ga. App. 208, 212-213 (2) (780 SE2d 787) (2015).

Georgia appellate courts have repeatedly held: When there is more than one statutory basis for the attorney-fee award and neither the statutory basis for the award nor the findings necessary to support an award is stated in the order and a review of the record does not reveal the basis of the award, the case is remanded for an explanation of the statutory basis for the award and the entry of any findings necessary to support it.

Id. at 210 (citations omitted).

We therefore must vacate the award of attorney fees and remand the case for the trial court to explain the statutory basis for the award and to enter any necessary factual findings.

*Judgment affirmed in part, vacated in part and case remanded. Miller, P. J., concurs. McMillian, J., concurs fully in Divisions 1, 2, 3, 4, 5, and in the judgment only in Division 6.*