**FIRST DIVISION**
**BARNES, P. J.,**
**MILLER and REESE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 25, 2018**

# In the Court of Appeals of Georgia

A18A0592. MOORE v. HULLANDER.

BARNES, Presiding Judge.

Following the grant of his application for discretionary appeal, Matthew James Moore appeals the trial court's order granting attorney fees to his ex-wife, Noreen Dumas Hullander, in connection with a dispute over child custody and child support. For the reasons that follow, we vacate the attorney fees award and remand this case for further proceedings consistent with this opinion.

The record reflects that Moore and Hullander were divorced in 2005, and Hullander was awarded primary custody of their minor child and child support of $250 per month. Several years later, the trial court entered an order modifying child support to $450 per month. Subsequently, in March 2016, Moore filed a petition for modification of child custody. Moore attached to his petition the fourteen-year-old child's affidavit of election to reside primarily with Moore. Hullander answered and

counterclaimed for contempt against Moore for failing to pay the full $450 per month in court-ordered child support.

A temporary hearing on the issues of custody modification and contempt was held in May 2016. During the hearing, Moore paid his child support arrears in the amount of $16,400 to Hullander. Hullander stated that she did not intend to go forward with her contempt motion in light of Moore's full payment at the hearing. At the conclusion of the hearing, the trial court declined to modify custody of the child during the remaining weeks of the school year, but the court indicated that it would revisit the issue of custody before the end of summer at the final hearing. However, a temporary order was never issued by the trial court after the hearing.

The child later changed her mind about living with Moore, and Moore decided in August or September 2016 that he would dismiss his petition seeking to modify child custody. However, Moore did not file his voluntary dismissal of his petition until March 2017.

Hullander filed a motion seeking attorney fees and expenses under OCGA §§ 9-15-14 (b); 13-6-11; 19-6-2 (a); and 19-9-3 (g). Moore opposed the motion, and a hearing on the issue of attorney fees was held in June 2017. At the hearing, Hullander's attorney introduced, without objection, billing statements that covered

2

the initiation of the case through early September 2016 that totaled $6,201, and the attorney stated in his place that his bills were reasonable and customary. Moore testified that he had decided to voluntarily dismiss his petition to modify custody once his child changed her mind about her election to live with him. Moore's counsel also noted that the contempt issue "was wrapped up and was satisfied before any sort of litigation had to occur as to . . . the contempt."

At the end of the hearing, the trial court announced that "based on certain factors," it would award Hullander attorney fees in the amount of $4,000. The trial court's subsequent written order awarding attorney fees to Hullander did not specify the statutory basis for the award. The order stated:

> [Hullander] is entitled to partial reimbursement of the attorney fees based on the fact that [Moore] was found in contempt of this Court for being substantially behind on his child support payments.

> Further, the Court finds that [Moore] unreasonably delayed the resolution of this matter by his actions, or lack thereof.

After the trial court entered its written order awarding attorney fees to Hullander, Moore filed an application for discretionary appeal, which this Court granted. This appeal followed.

1. Moore contends that the trial court erred in predicating its award of attorney fees in part on a prior finding of contempt for failure to pay child support because no such finding had been made by the court. We agree.

As previously noted, in its order awarding attorney fees, the trial court stated that Moore had previously been "found in contempt for being substantially behind on his child support payments," and at the hearing on Hullander's motion for attorney fees, the trial court stated that it had previously held Moore "in willful, indirect contempt of court for failure to pay child support." However, the record belies the trial court's recollection of what had transpired earlier in the case and instead reflects that Hullander stated at the temporary hearing that she did not intend to go forward with her contempt motion in light of Moore's full payment of his child support arrearage. Furthermore, the trial court never entered a written order after the temporary hearing that addressed the issue of contempt or any other issues raised at that hearing.

Because it is apparent from the record that Hullander did not go forward with her contempt motion and the issue of contempt was never adjudicated, the trial court abused its discretion by awarding attorney fees based in part on its erroneous finding that it had previously held Moore in contempt for failure to pay child support. See

4

*Harris v. Mahone*, 340 Ga. App. 415, 429 (2) (797 SE2d 688) (2017) (trial court abused its discretion where the court's ruling on attorney fees was predicated on "an erroneous factual finding"); *Postell v. Alfa Insurance Corp.*, 332 Ga. App. 22, 28 (2) (a) (iii) (772 SE2d 793) (2015) ("An abuse of discretion occurs where the trial court . . . clearly errs in a material factual finding.") (citation, punctuation, and emphasis omitted).

2. The trial court also awarded attorney fees on the ground that Moore "unreasonably delayed the resolution of this matter by his actions, or lack thereof." Moore argues that the trial court's award of attorney fees on that ground was improper because the court failed to set forth a statutory basis or sufficient factual findings to support the award. Again, we agree.

"As a general rule, an award of attorney fees and expenses of litigation are not available to the prevailing party unless authorized by statute or contract." *Cary v. Guiragossian*, 270 Ga. 192, 195 (4) (508 SE2d 403) (1998). To determine the statutory basis for a trial court's award of attorney fees, we look to whether the trial court's order "cite[s] a statutory basis for the award or track[s] any statutory language," whether the party seeking attorney fees specified the statutory basis for awarding the fees, and whether the record reveals the basis of the award. See *Hall v.*

5

*Hall*, 335 Ga. App. 208, 211 (2) (780 SE2d 787) (2015). Here, although the trial court did not specify a statutory basis for its award of attorney fees in its order, Hullander moved for attorney fees on several statutory grounds.

(a) Hullander moved for attorney fees based on OCGA § 19-6-2 (a),[1] but that statute "is expressly limited to actions for alimony, for divorce and alimony, and for contempt of an order arising out of an action for alimony or divorce and alimony." *Viskup v. Viskup*, 291 Ga. 103, 107 (3) (727 SE2d 97) (2012). OCGA § 19-6-2 (a) does not apply to a petition for modification of child custody, see id., or to contempt proceedings unless the allegations are "for failure to comply with the *original* alimony or divorce decree." (Emphasis supplied.) *Cothran v. Mehosky*, 286 Ga. App. 640, 641 (649 SE2d 838) (2007). See *Hall*, 335 Ga. App. at 212 (2) (OCGA § 19-6-2 is inapplicable to actions seeking modification of child custody and is "limited to

---

[1] OCGA § 19-6-2 (a) provides in relevant part:
(a) The grant of attorney's fees as a part of the expenses of litigation, made at any time during the pendency of the litigation, whether the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case, including but not limited to contempt of court orders involving property division, child custody, and child visitation rights, shall be:
(1) Within the sound discretion of the court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party . . . .

6

alimony and divorce cases and subsequent actions for contempt based on noncompliance with [the] divorce or alimony degree") (citation and punctuation omitted).

Moore commenced this action seeking to modify child custody, and Hullander's counterclaim sought to have Moore held in contempt for failure to pay the full $450 per month in child support awarded by the trial court in an order entered subsequent to the original divorce decree, which had only awarded $250 per month in child support. Accordingly, attorney fees could not be awarded under OCGA § 19-6-2 (a) in this case. See *Viskup*, 291 Ga. at 107 (3) (OCGA § 19-6-2 "is not applicable to the case before us, which is a petition for modification of child custody"); *Cothran*, 286 Ga. App. at 642 (OCGA § 19-6-2 (a) did not apply where "[t]he case involved no allegations of contempt for noncompliance with the original decree," but rather alleged contempt for violating a subsequent order entered by the trial court); *Hall*, 335 Ga. App. at 209 (1), 212 (2) (OCGA § 19-6-2 (a) did not apply where appellant was held in contempt for violating a child support order obtained by Child Support Services and a subsequent temporary order modifying child support).[2]

_____

[2] As noted supra in Division 1, the trial court never found Moore in contempt for failure to pay child support, and because "the contempt issues were not adjudicated . . . the trial court was not authorized to award attorney fees under OCGA § 19-6-2 (a)" for this

7

(b) Hullander also moved for attorney fees under OCGA § 13-6-11.[3]

> A plaintiff is entitled to recover attorney fees under OCGA § 13-6-11 only if he can establish that the defendant has acted in bad faith in the underlying transaction. Therefore, the element of bad faith relates to the defendant's conduct in entering into the contract or pertains to the transaction and dealings out of which the cause of action arose, not to the defendant's conduct after the cause of action arose.

(Citation and punctuation omitted). *Fertility Technology Resources v. Lifetek Medical*, 282 Ga. App. 148, 153 (3) (637 SE2d 844) (2006). Here, at the hearing on Hullander's motion for attorney fees, the trial court discussed some of Moore's behavior leading up to this case and suggested that it could constitute bad faith under OCGA § 13-6-11. Notably, however, the trial court then stated that it would not "punish [Moore] for that [behavior] financially" because it "didn't happen in this case," and in it its subsequent written order, the trial court did not award attorney fees based on a finding of bad faith by Moore prior to the litigation, but rather on a finding

additional reason. *Glaza v. Morgan*, 248 Ga. App. 623, 625 (548 SE2d 389) (2001).

[3] OCGA § 13-6-11 provides:
The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

8

that Moore had unreasonably delayed the resolution of the case.[4] Thus, although Hullander moved for attorney fees under OCGA § 13-6-11, it is clear from the language of the trial court's order that it did not award fees on that statutory basis.[5]

(c) Additionally, Hullander moved for attorney fees under OCGA § 9-15-14 (b),[6] which can be awarded in a custody modification action. See *Ward v. Ward*, 289 Ga. 250, 251 (2) (710 SE2d 555) (2011). That statutory subsection authorizes an award of attorney fees where, among other things, a party unnecessarily expanded the proceedings through improper conduct or acted to cause delay. See OCGA § 9-15-14

---

[4] We also note that the trial court did not award attorney fees based on a finding of bad faith conduct during the litigation.

[5] Because the trial court did not award attorney fees to Hullander under OCGA § 13-6-11, we need not decide whether or to what extent attorney fees could be awarded to Hullander under that statute.

[6] OCGA § 9-15-14 (b) provides:
The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

(b); *Taylor v. Taylor*, 282 Ga. 113, 115 (3) (646 SE2d 238) (2007). A trial court's award of attorney fees under OCGA § 9-15-14 (b) is reviewed only for an abuse of discretion, *Haggard v. Bd. of Regents of the Univ. System*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987), but the court's order "must include findings of conduct that authorize the award." *Cason v. Cason*, 281 Ga. 296, 300 (3) (637 SE2d 716) (2006).

In its order awarding fees to Hullander, the trial court found that Moore had "unreasonably delayed the resolution of this matter by his actions, or lack thereof." Thus, it appears from the language of the order that the trial court intended to award attorney fees under OCGA § 9-15-14 (b). See *Hall*, 335 Ga. App. at 211 (2) (appellate courts can look to whether trial court's order "track[s] any statutory language" to determine basis for attorney fees award). But, the trial court's bare conclusion that Moore caused unreasonable delay was insufficient to justify the award of fees because "[t]he trial court did not include in its order any factual findings that underlay that conclusion." *Razavi v. Merchant*, 330 Ga. App. 407, 409 (1) (a) (765 SE2d 479) (2014).[7] See *Amayo v. Amayo*, 301 Ga. 660, 660-661 (802 SE2d 245) (2017);

---

[7] At the hearing on the motion for attorney fees, the trial court noted that Moore had decided in August or September 2016 not to pursue his petition for custody modification but did not voluntarily dismiss the petition until March 2017. However, it is unclear whether the trial court intended for this factual finding to justify its award of attorney fees for unreasonable delay in the case, given that Hullander only sought attorney fees for work

*McClure v. McCurry*, 329 Ga. App. 342, 344 (2) (765 SE2d 30) (2014). Accordingly, the award must be vacated and the case remanded for the trial court to reconsider whether attorney fees should be granted under OCGA § 9-15-14 (b), and, if so, to enter a judgment containing sufficient findings of fact and conclusions of law to support such an award. See *Amayo*, 301 Ga. at 660-661; *Razavi*, 330 Ga. App. at 409 (1) (a); *McClure*, 329 Ga. App. at 344 (2).

Moreover, when awarding attorney fees under OCGA § 9-15-14 (b), the trial court "must limit the fees award to those fees incurred because of the sanctionable conduct." (Citation and punctuation omitted.) *Brewer v. Paulk*, 296 Ga. App. 26, 31 (2) (673 SE2d 545) (2009). Thus, "lump sum or unapportioned attorney fees awards are not permitted in Georgia," and we will vacate and remand for further fact-finding where "the trial court's order, on its face[,] fails to show the complex decision making process necessarily involved in reaching a particular dollar figure and fails to articulate why" the court awarded one amount of fees rather than another under OCGA § 9-15-14 (b). (Citations and punctuation omitted.) *Trotman v. Velociteach*

done by her counsel through early September 2016. Thus, the hearing transcript does not clarify the factual basis for the trial court's award of fees. See *Franklin Credit Mgmt. Corp. v. Friedenberg*, 275 Ga. App. 236, 241 (2) (b) (620 SE2d 463) (2005) (appellate court could consider the hearing transcript in determining whether trial court made sufficient factual findings to support an award of attorney fees under OCGA § 9-15-14).

11

*Project Mgmt.*, 311 Ga. App. 208, 214 (6) (715 SE2d 449) (2011). Here, the trial court awarded a lump sum of $4,000 in attorney fees without showing the complex decision making process necessarily involved in reaching that particular dollar figure and failed to articulate "how the award was apportioned to include only fees and expenses generated based on [Moore's] sanctionable conduct" under OCGA § 9-15-14 (b). *Butler v. Lee*, 336 Ga. App. 102, 106 (2) (783 SE2d 704) (2016). For this additional reason, the trial court's order awarding attorney fees to Hullander must be vacated and the case remanded for further action consistent with this opinion. Id.

(d) Lastly, we note that a trial court's award of attorney fees need not be vacated and remanded if "the full amount of the trial court's award can be independently sustained" under an alternative statutory provision that was asserted as a basis for an award of fees in the court below. *Hoard v. Beveridge*, 298 Ga. 728, 730 (2) (783 SE2d 629) (2016). See *Sinkwich v. Conner*, 288 Ga. App. 320, 322 (654 SE2d 182) (2007) (attorney fees award can be sustained under the "right for any reason rule" based "upon a legal basis apparent from the record which was fairly presented in the court below") (footnote and punctuation omitted). Hullander also

moved for attorney fees under OCGA § 19-9-3 (g),[8] which "is applicable in an action seeking modification of child custody[]" and thus could have provided a statutory basis for an award of attorney fees in this case. See *Viskup*, 291 Ga. at 107 (3). See also *Hill v. Davis*, 337 Ga. App. 683, 686 (6) (788 SE2d 570) (2016) (attorney fees could be awarded under OCGA § 19-9-3 (g) against party who "originally brought [the] action to modify child custody"). OCGA § 19-9-3 (g) "affords wide discretion to the trial court to award reasonable attorney fees and expenses in child custody actions to be paid by the parties in proportions and at times determined by the judge." (Citation and punctuation omitted.) *Moore v. Moore-McKinney*, 297 Ga. App. 703, 712 (4) (678 SE2d 152) (2009). Nevertheless, in the present case,

---

[8] OCGA § 19-9-3 (g) provides:
Except as provided in Code Section 19-6-2, and in addition to the attorney's fee provisions contained in Code Section 19-6-15, the judge may order reasonable attorney's fees and expenses of litigation, experts, and the child's guardian ad litem and other costs of the child custody action and pretrial proceedings to be paid by the parties in proportions and at times determined by the judge. Attorney's fees may be awarded at both the temporary hearing and the final hearing. A final judgment shall include the amount granted, whether the grant is in full or on account, which may be enforced by attachment for contempt of court or by writ of fieri facias, whether the parties subsequently reconcile or not. An attorney may bring an action in his or her own name to enforce a grant of attorney's fees made pursuant to this subsection.

13

while it is apparent the trial court exercised its discretion in making the attorney fee award, we cannot say it is apparent that the trial court would have done so under OCGA § 19-9-3 (g). Unlike OCGA § 9-15-14 (b), a fee award under OCGA § 19-9-3 (g) would not necessarily be focused on Moore's conduct. Thus, it is not apparent that the trial court would have awarded fees under OCGA § 19-9-3 (g)[.]

(Citations and punctuation omitted.) Id. Consequently, we cannot affirm the trial court's attorney fees award on the alternative basis of OCGA § 19-9-3 (g), and the trial court's order must be vacated, and "the issue of attorney fees must be remanded for an explanation of the statutory basis for the award and any findings necessary to support it." (Citation and punctuation omitted.) Id. See *Wilson v. Perkins*, __ Ga. App. __ (2) (Case No. A17A1520, decided March 2, 2018) (attorney fees award vacated and remanded for the trial court to reconsider whether or to what extent fees should be awarded under OCGA § 9-15-14 or OCGA § 19-9-3 (g)).

*Judgment vacated and case remanded with direction. Miller, P. J., and Reese, J., concur*.

14